IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAYME ROUNTREE,                    §
                                   §
            Plaintiff,             §
                                   §
V.                                 §          No. 3:23-cv-1089-N-BN
                                   §
FEDERAL EXPRESS DALLAS,            §
                                   §
            Defendant.             §

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff Jayme Rountree filed a *pro se* complaint alleging wrongful employment practices. *See* Dkt. No. 3. Chief United States District Judge David C. Godbey referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court granted Rountree leave to proceed *in forma pauperis. See* Dkt. Nos. 4, 5. And, after Rountree filed verified responses to the Court's screening questionnaire, *see* Dkt. Nos. 6, 8, the Court ordered that the complaint be served under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), *see* Dkt. Nos. 9, 10, 13, 14.

Defendant FedEx Ground Package System, Inc. (FXG) responded by filing a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). *See* Dkt. No. 15.

Preliminarily, FXG's Rule 12(e) motion is non-dispositive. That is, the motion itself cannot dispose of a claim. For example, granting the motion would only result in an order that Rountree file a more definite statement. And the rule only

contemplates dispositive sanctions should a plaintiff disobey such an order. *See* FED.
R. CIV. P. 12(e) ("If the court orders a more definite statement and the order is not
obeyed within 14 days after notice of the order or within the time the court sets, the
court may strike the pleading or issue any other appropriate order."). So the
undersigned enters this memorandum opinion and order consistent with 28 U.S.C. §
636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *See also, e.g.*, *Carey v. Tans*
*Union, LLC*, No. 3:21-CV-00588-DJH-CHL, 2022 WL 36909, at *1 n.1 (W.D. Ky. Jan.
3, 2022) (noting the lack of controlling circuit precedent "as to whether a magistrate
judge can rule on a Rule 12(e) motion"; that, "indeed, there is a paucity of case law on
the subject nationwide," which "may be because 12(e) motions are generally
disfavored, that filings of these motions have continued to be rare, or the interlocutory
nature of these motions"; and that, "[a]mong courts that have considered the
question, the consensus is that Rule 12(e) motions are treated as non-dispositive"
(citations omitted)).

Turning to the substance of the motion, "[i]f a pleading fails to specify the
allegations in a manner that provides sufficient notice, a defendant can move for a
more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema*
*N.A.*, 534 U.S. 506, 514 (2002). And, "[w]hen a party moves for a more definite
statement, 'the court must determine whether the complaint is such that a party
cannot reasonably be required to frame a responsive pleading.'" *I Love Omni, LLC v.*
*Omnitrition Int'l, Inc.*, No. 3:16-cv-2410-G, 2017 WL 1281130, at *4 (N.D. Tex. Apr.
6, 2017) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

Sufficient notice derives from Federal Rule of Civil Procedure 8(a)(2), "which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 513.

"Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

And the concept of sufficient or fair notice must be understood consistent with the United States Supreme Court's subsequent seminal cases as to pleading in federal court: *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Refined by these decisions, Rule 8(a)(2) requires just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of

categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

But the Court need not find that Rountree's allegations will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to conclude that FXG's Rule 12(e) should be denied. *See, e.g.*, *I Love Omni*, 2017 WL 1281130, at *4 ("While Omnitrition's counterclaim has various deficiencies, the court does not believe that it is so vague that Grace and LaCore cannot reasonably respond to it. Thus, the motion for a more definite statement is denied." (citing FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678)).

And the Court finds that the Rule 12(e) motion should be denied considering, for example, the detailed facts set out in the charge of discrimination attached to the

verified responses to the screening questionnaire, *see* Dkt. No. 8 at 6-7, which amend Rountree's allegations and provide sufficient notice to allow FXG to respond to the complaint, even if the initial response is a motion to dismiss.

The motion for a more definite statement [Dkt. No. 15] is therefore DENIED. And FXG must file a responsive pleading or otherwise respond to the complaint consistent with the Federal Rules of Civil Procedure by **July 26, 2023**.

SO ORDERED.

DATED: July 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE